IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 6:15-cr-10150-JTM

SHANE COX, and
JEREMY KETTLER,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on the State of Kansas's Motion to Intervene (Dkt. 56). The motion is made pursuant to 28 U.S.C. § 2403(b), which provides a right of intervention for a State in certain circumstances when "the constitutionality of any statute of that State affecting the public interest is drawn in question…." The grants the motion to intervene, with the following clarification.

To date this court has not been called upon, and has not ruled upon, the constitutionality of the Kansas Second Amendment Protection Act (SAPA), K.S.A. § 50-1201 et seq. On May 10, 2016, the court denied a motion to dismiss the indictment, rejecting the defendant's argument that the National Firearms Act, 26 U.S.C. § 5801 et seq., was unconstitutional. The court found the NFA is valid exercise of Congress's taxing power. Dkt. 34 at 8. That finding meant the court did not need to address the defendant's additional argument that the NFA exceeded Congress's power to regulate interstate commerce. *Id*. The court also determined that the defendant could not rely

upon SAPA as the basis for an entrapment by estoppel defense, because such a defense requires a showing of reliance on a government official with responsibility for administering the law defining the offense – i.e., a federal official. *Id*. at 9. Finally, the court noted that an offense under § 5861(d) of the NFA does not require proof that a person possessing an unregistered silencer knew that such possession was prohibited by the NFA. *Id*. at 10.

On October 26, 2016, the court orally granted a Government motion in limine asking the court to find that "any defense based on [SAPA] is not a valid legal defense." Dkt. 39 at 1. As the court noted in a Memorandum and Order filed November 7, 2016, that oral ruling was subject to defendant making a further proffer of evidence. Dkt. 57. Upon reviewing the defendant's proffer, the court reiterated its prior legal rulings, but clarified that it would not prohibit all mention of SAPA at trial, but would instead instruct the jury on the proper consideration of any such evidence.

The court's ruling on the motion in limine was, by definition, a determination of what evidence would be relevant and admissible at trial, not a ruling on the constitutionality of SAPA.

Because § 2403(b) broadly allows intervention whenever the constitutionality of a state statute is "drawn into question," the court will grant the State's motion to intervene to allow it to be heard on any subsequent rulings that implicate the constitutionality of SAPA. At this point the State will not be participating directly in the criminal trial or presenting evidence, but it may submit a brief on any issue raised at trial that requires a ruling on the constitutionality of SAPA.

**IT IS THEREFORE ORDERED** this 8th day of November, 2016, that the State of Kansas's Motion to Intervene (Dkt. 56) is GRANTED.

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, District Judge